**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2504-17T1

THE WOLF LAW FIRM, LLC,

      Plaintiff-Respondent/
      Cross-Appellant,

and

THE LAW OFFICE OF
CHRISTOPHER J. McGINN,

      Plaintiff-Respondent,

v.

ROUTE 46 AUTO SALES,
INC. and SALVATORE ENEA,

      Defendants-Appellants/
      Cross-Respondents.

_____

      Argued March 20, 2019 – Decided August 20, 2019

      Before Judges Nugent, Reisner and Mawla.

      On appeal from the Superior Court of New Jersey, Law
      Division, Middlesex County, Docket No. L-2717-15.

Seth L. Dobbs argued the cause for appellants/cross-respondents (Aboyoun, Heller & Dobbs, LLC, attorneys; Seth L. Dobbs, on the briefs).

Andrew R. Wolf argued the cause for pro se respondent/cross-appellant (Henry P. Wolfe and Andrew R. Wolf, on the joint brief).

The Law Office of Christopher J. McGinn, pro se respondent (Christopher J. McGinn, on the joint brief).

PER CURIAM

Route 46 Auto Sales, Inc. and its principal, Salvatore Enea (collectively "Route 46"), appeal from an August 25, 2017 Law Division order that granted summary judgment to The Wolf Law Firm, LLC and the Law Offices of Christopher J. McGinn (collectively "Wolf"). The summary judgment was based on fees Wolf had been awarded in an underlying consumer fraud action filed on a client's behalf against Route 46. Wolf filed a cross-appeal, claiming entitlement to additional fees. During the pendency of these appeals, Route 46 paid the judgment in full. Wolf signed a warrant to satisfy the judgment. The warrant included the representation, "full and complete satisfaction of said judgment is hereby acknowledged." Route 46 filed the warrant to satisfy. For this reason and the reasons that follow, we affirm.

The procedural history of the underlying consumer fraud action is relevant to this appeal. In October 2012, Wolf filed an action on behalf of a client against

Route 46, among others.  The complaint included a count that alleged a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210 (CFA).  The CFA permits the prevailing party to recover reasonable fees.  N.J.S.A. § 56:8-19 ("In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.").

Seven months after Wolf filed the CFA complaint, the parties settled the case at mediation and signed a handwritten settlement agreement.  One paragraph of the agreement stated, "[t]he plaintiff shall make an application to the court for fees and costs."  The day after the parties signed the agreement, Route 46 attempted to repudiate it.  Wolf filed a motion to enforce the settlement, and the court granted the motion on February 28, 2014.

Two months later, Route 46 purportedly entered into a settlement with Wolf's client without Wolf's knowledge.  The trial court rejected the settlement agreement because Wolf had not been notified of the negotiations with its client.  Thereafter, Wolf moved for counsel fees and costs.  On June 25, 2014, the court granted the motion.  Significant to this appeal, the order awarded the fees and costs to Wolf, not to Wolf's client.  The order stated:

> 2.  Within ten (10) days of the date of this Order, Defendants Route 46 Auto Sales, Inc. and Salvatore

Enea shall pay to Plaintiff's attorneys' [sic] fees and costs in the total amount of $76,201.76, which includes a lodestar of $61,781.50 plus a 20% enhancement in the amount of $12,356.30, plus reasonable costs and expenses of $1900.00, through certified funds or wire transfer made payable to "The Wolf Law Firm LLC";

3. Pursuant to the February 28, [2014] Order, Plaintiff's counsel may submit supplemental applications for fees and costs incurred subsequent to April 4, 2014[.]

The following week, on July 1, 2014, Route 46 appealed the February 28, 2014 order enforcing settlement and the June 25, 2014 order awarding counsel fees and costs. The following month, Wolf filed an application for supplemental fees. The court granted the motion on August 22, 2014, stating in its order: "The Wolf Law Firm, LLC is hereby awarded fees and expenses in the amount of $10,000 that the court finds to be reasonable."

On September 8, 2014, Wolf had the June 25 and August 22 orders reduced to judgments. When Route 46 did not pay the judgments, Wolf obtained an order to enforce litigants' rights. The order required Route 46 to respond to information subpoenas by October 31, 2014. On October 29, 2014, two days before Route 46's responses were due, its attorney contacted Wolf and he and Wolf settled the issue of Wolf's fees. Route 46 agreed to pay Wolf's fees in installments and also agreed that in the event of default, Wolf could enter

4

judgment against them in the amount of $100,000 plus any and all attorneys' fees and costs incurred in obtaining the judgment and collecting it.

Wolf prepared and transmitted a settlement agreement to counsel for Route 46 shortly after noon on October 30, 2015. That night, at 10:07 p.m., Wolf received an email from the client that stated: "I . . . have decided to FIRE you Andy Wolf due to unsatisfied service. I have been unhappy with your service. They did not meet my expectations."

Notwithstanding this development, the next day, after speaking with a judge, the lawyers confirmed the settlement. Wolf sent the following email to Route 46's attorney on October 31, 2014, at 3:46 p.m.:

> Based on our recent conversations. Please note that although [the client] has terminated my firm's services that it is my opinion that once we receive the settlement agreement is [sic] signed by Mr. Enea on behalf of all defendants and it is provided to me, that the order enforcing litigant's rights will be moot. This is my opinion because [the client] assigned the attorneys' fees to my firm and we are therefore the real party in interest. I provided you with a copy of that assignment earlier today. It is my further opinion, that as the real party in interest, that upon completion of the settlement terms that we can sign the Warrants To Satisfy Judgment as to the [two] filed judgments.

Less than one-half hour later, at 4:05 p.m., Route 46's attorney responded:

> Thank you for your below email. It echoes that stated by [the judge] earlier this afternoon when we

> presented the [sic] all the recent facts to him for his guidance. I am glad this matter is resolved. I will forward to you the executed Settlement Agreement later this evening or tomorrow, and my client will be sending you the first installment thereafter.

Contrary to the attorney's representations in the email, Route 46 did not sign the settlement agreement and did not send the first installment. Rather, Route 46 and Wolf's former client entered into a consent order enforcing the previous settlement agreement that had been disregarded by the trial court. The consent order recited that the trial court's orders enforcing the mediated settlement and awarding Wolf fees were vacated. Wolf's client signed warrants to satisfy the two judgments for fees, which were filed. Although the judgments were for Wolf's fees, their client signed them, falsely stating the judgments had been satisfied.

When Wolf became aware of these developments, it moved to intervene in the pending appeal. The motion for intervention was denied. Route 46 filed the consent order. In consequence, the appeal was dismissed.

That brings us to the current action, which is the subject of this appeal. Wolf filed this action to collect the fees it had been awarded from Route 46 in the underlying CFA case. Between the date Wolf filed the initial complaint in May 2015 and the final order concluding the case in August 2017, the parties

6

filed numerous motions—to dismiss the complaint, amend the complaint, dismiss the amended complaint, for reconsideration, for summary judgment and for reconsideration of the trial court's summary judgment decisions.  On March 31, 2017, the court granted Wolf's summary judgment motion and denied Route 46's summary judgment motion.  On August 25, 2017, the court denied Route 46's motion for reconsideration.  This appeal followed.

Wolf has informed the court that Route 46 has since paid the judgment in full.  According to Wolf, it signed a Warrant to Satisfy Judgment and Route 46 filed it.  Wolf has submitted a copy of the filed warrant to satisfy.

Although its notice of appeal identifies only the trial court's August 25, 2018 order denying reconsideration of the summary judgment motions, Route 46 challenges the orders that denied Route 46's motions to dismiss the amended complaint, denied reconsideration of that decision, denied Route 46 summary judgment, and denied reconsideration of the summary judgment granted for Wolf.  Wolf cross-appeals from that part of the summary judgment order that disallowed its claim for fees incurred in filing and pursuing this action.

In considering this appeal, we question what right Wolf's client had to file warrants to satisfy the judgments entered by Wolf, on the fees awarded to Wolf, in the underlying consumer fraud action; let alone falsely represent in the

warrant that the judgments had been satisfied. We are also inclined to agree with the trial court's summary judgment decision in this action, particularly in light of the representations made by Route 46's counsel, both in emails and during telephone conversations.

We need not decide these issues, however, because Wolf's acceptance of payment and execution of the warrant to satisfy, and Route 46's filing of the warrant to satisfy, which expressly stated the judgment had been satisfied, fully and completely, ended this litigation. We do not render advisory opinions. Crescent Park Tenants Ass'n. v. Realty Equities Corp., 58 N.J. 98, 107 (1971).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION